NO. 7351.

GRASSER CONTRACTING CO.

vs

F. RIVERS RICHARDSON.

STATE OF LOUISIANA

COURT OF APPEAL

PARISH OF ORLEANS

# 7351

7351

## O P I N I O N.

By his Honor John St. Paul.

Appeal from the Civil District Court, Division "E" No. 110510.

The existing charter of the City of New Orleans is Act 159 of 1912.

Section 42 of that act provides that whenever 52 per cent of the abutting property owners shall petition the city council to pave or repair any street or banquette, setting forth the character of paving desired, the council shall publish said petition for four weeks, and if there be no objection shall order the paving or repairing petitioned for.

The same section provides that, if the property holders all consent, the paving may be done entirely at their expense; if they do not all consent then they shall bear only a certain portion of the cost and the City shall bear the rest. It also provides that if nothing be said as to the terms of payment then the share of the property holders shall be payable cash, but the property holders may in their petition fix the terms of payment at one fifth cash and the balance in four equal annual instalments.

The rest of the section prescribes the method of collecting the portion due by the property holders and the items of work which shall be included in paving and repaving.

Section 47 and 48 of said act provide that the City Council may in its discretion order the paving or repaving of any street or banquette and may levy upon abutting property holders a certain portion of the cost, which is the same as fixed by section 42 when all the property holders do not consent to bear the whole cost; that the items of work included in paving and repaving and the method of collecting from property holders shall be the same as in section 42.

Section 49 provides that in such case notice of intention to pave shall be published for four weeks and a majority of the property holders may thereupon select the quality of pavement to be laid, and on their failure to do so the council nay itself select; that the portion due by the property holders shall then be payable one fifth cash and the balance in four equal annual installments.

Some time prior to June 24th #### 1913 the City council was presented with a petition purporting to be signed by 52 per cent of the property holders, asking that Lowerline Street between St. Charles ard Jeanette be paved, designating the kind of pavement, and fixing the terms of payment at one fifth cash and the balance in four equal annual installments.

This petition was duly published and on June 24th the council was officially notified of the publication. No objection having been made by anyone, the council on September 16th ordered the pavement, designated the kind of pavement as petitioned for, assessed against the property holders that portion of the cost allowed when all do not consent to bear the whole cost, and fixed the terms of payment at one fifth cash and the balance in four equal annual installments.

Thereupon the work was advertised and on December 3rd the contract was let to plaintiff and others, who began the work early in February 1914 and later on completed it.

This is a suit to collect from defendant his share of the cost.

The first personal notice which defendant appears to have had that the street was to be paved, was about February 9th when the work had just begun; and a day or two afterwards he filed with the city his protest against the pavement based upon the plea that the petition for paving had not been signed by a majority of the property h######## owners, and this seems to be a fact.

But it can avail ######## defendant nothing.

As we have seen the council needs no petition of property holders to order the paving or pepaving of any street or banquette;

14

such a petition only makes it compulsory on the council to do so.

And since in according the petition such as it was, the council levied only that assessment and fixed only those terms which the law allowed when proceeding without a petition, the petition may be wholly disregarded. For the council simply acted "in its discretion."

One who may "in his discretion" do this or that, may do it simply because he thinks it should be done though no one asks it, or because he is asked to do it and still thinks it should be done; the fact being that the right to use one's discretion is the right to act for reasons deemed satisfactory by one's self, to act without assigning any reasons whatever, to act without having one's reasons investigated or reviewed by any other authority.

It might be said perhaps that the council exercised none of its discretion since apparently it acted under the supposition that the petition was binding upon it and therefore, as it were, under compulsion.

But it is shown by the record that the council had written evidence before it showing that a majority of the property holders had not signed the petition, and moreover it could have ascertained from the public records with the same facility as defendant did, that the petition did not represent a majority of the property holders. So that it is clear that the council was not averse to paving the street, but on the contrary quite willing to do so, since it accorded the petition without further inquiry and doubtless because it thought the street should be paved.

Now it is true the law requires that when the council designs to pave a street without being petitioned by the property holders, it shall publish notice of its intention to do so; but the law requires no special form of notice, and certainly no clearer notice of intention to pave a street can be given than by publishing what purports to be a petition by a majority of the property holders asking for such paving, and seemingly compulsory on the council to order it.

15

The fact of the matter is, in view of the clear right of the council to order paving in its discretion and assess part of the cost to the property holders, that the proceeding by petition was intended for no other purpose than to give property holders a right to compel the council to pave, and if need be, allow them to assume the whole cost of paving when for want of funds to pay the city's share there might ⅞⅞ lack bidders for the work.

And that the council ordered the paving upon the petition of a large proportion of the property holders, even though it might be less than a majority, and when there appeared to be no opposition whatever, would seem to be a very conservative use of very sound discretion, and not at all an abuse of it.

The judgment appealed from is therefore reversed and it is now ordered that there be judgment in favor of plaintiff Grasser Contracting Co and against defendant F. Rivers Richardson, for the full sum Eighty eight 77/100 Dollars, with lien and privilege on defendant's property fronting 120 feet on Lowerline Street in the square bounded by Zimple, Elm and Pine Streets; and for the further sum of Two hundred and twenty-one 92/100 Dollars with lien and privilege on defendants property fronting 300 feet on Lowerline Street in the square bounded by Zimple, Oak and Cherokee streets; all with five per cent interest from April 28th 1914 and the costs of both courts, including 40.00 cost of recording, and with lien for costs on both properties.

